UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE PATTERSON COLLECTION, | : | |
| | : | |
| | : | |
| | : | 3:07CV0592(WWE) |
| v. | : | |
| | : | |
| JAMES SULLIVAN, J.B. MOVING SERVICES, INC., MARIANO BROTHERS, INC., IKON OFFICE SOLUTIONS, INC., KIRKPATRICK AND LOCKHART, NICHOLSON & GRAHAM, LLP, WAYNE MASONE, | : | |
| _____ | : | |
| J.B. MOVING SERVICES, INC., | : | |
| v. | : | |
| DAY PITNEY LLP, COLTON AMSTER, SARGENT, SARGENT & JACOBS, LLC, BRUCE AMSTER and RED LINE RESTORATIONS LLC, | : | |
| _____ | : | |
| BRUCE AMSTER, | : | |
| v. | : | |
| SALVATORE BATTINELLI, CARL JENKINS, JOHN KENDALL, FANEUIL HALL ASSOCIATES, BROWN & BROWN, SHARON AND JOSEPH BARON, WHEATON WORLD WIDE MOVING, EDWARD BURKE, JAMES SULLIVAN, J. STEPHEN WOODS, PHOEBE WINDER and CARA CORBETT. | : | |

1

**RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS**

In this action, plaintiff Patterson Collection alleges that certain of its assets, including automobiles, automobile parts and provenance documentation, were damaged when Marshal James Sullivan executed an order of attachment at Red Line Restorations LLC, a business owned and operated by Bruce Amster and his son Colton Amster.

Bruce Amster filed third party claims against Carl Jenkins, Brown & Brown, Salvatore Battinelli, John Kendall, Faneuil Hall Associates, Wheaton World Wide Moving, Joseph and Sharon Barone, Edward Burke, James Sullivan, J. Stephen Woods, Phoebe Winder and Cara Corbett. The Court has previously granted the motions to dismiss of defendants Barone, Sullivan, Corbett, Winder, Wheaton World Wide Moving, Salvatore Battinelli, Kendall, Faneuil Hall Associates, and Edward Burke.[1] Carl Jenkins and Brown & Brown have filed a motion for judgment on the pleadings. The motion for judgment on the pleadings will be granted.

Discussion

The "standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). The Court must "assess the legal feasibility of the complaint," rather than "assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). The Court must also accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The complaint

---

[1]The Court assumes familiarity with, and incorporates herein, the facts detailed in its previous ruling.

must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbel v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

Jenkins, as the court-appointed receiver, and Brown & Brown, the firm in which Jenkins is a member, submit that plaintiff's claims of conspiracy, conversion, public endangerment, and breach of fiduciary duty should be dismissed because 1) a court-appointed receiver acting within the scope of official duty cannot be sued personally without permission of the court that appointed him; and 2) Brown & Brown had no involvement on which to base Amster's claims of conspiracy, public endangerment and breach of fiduciary duty.

Actions against court-appointed receivers for acts conducted within the scope of his or her duty as a receiver are limited. Hartford Federal Savings & Loan Assoc. v. Tucker, 196 Conn. 172, 177 (1985) (a receiver "will be protected so long as he acts strictly under the order of the court appointing him"); In re American Bridge Prods., 328 B.R. 274, 332 (Bankr. D. Mass. 2005).

In Connecticut, a plaintiff seeking to sue a court-appointed receiver for actions must receive consent from the court of appointment, and "consent to sue will not be granted where the receiver has kept clear within the scope of his authority and acted wholly under the direction of the court." Hartford Federal Savings & Loan Assoc., 196 Conn. at 178. Similarly, Massachusetts law provides that a receiver is not shielded

from liability where a receiver acts outside of the scope of his authority or the receivership.  <u>In re American Bridge Prods.</u>, 328 B.R. 335 (citing cases).

In this instance, Amster's allegations describe only Jenkins' acts in furtherance of his duties as a court-appointed receiver.   Accordingly, the motion to dismiss will be granted as to Jenkins.

Brown & Brown argues that Amster's complaint is devoid of any factual allegations on which to base his claims for liability against it.  The allegations reflect that Brown & Brown is named as a party because Jenkins was, at the time, a member of the firm.  Since Amster cannot premise liability based on Jenkins' official duty as a receiver, the Court will dismiss the complaint against Brown & Brown.

The Court will also dismiss the claims against Jenkins and Brown & Brown on the basis of Amster's lack of standing after the chapter 7 bankruptcy filing.

## CONCLUSION

For the foregoing reasons, the motion for judgment on the pleadings [#186] is GRANTED.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

Dated at Bridgeport, Connecticut this _26th__ day of March, 2008.