**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **THE PATTERSON COLLECTION,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **3:07CV0592(WWE)** |
| **v.** | : | |
| | : | |
| **JAMES SULLIVAN, MARIANO** | : | |
| **BROTHERS, INC., IKON OFFICE** | : | |
| **SOLUTIONS, INC., KIRKPATRICK** | : | |
| **& LOCKHART, NICHOLSON** | : | |
| **GRAHAM, LLP, DAY PITNEY, LLP,** | : | |
| **Defendants.** | : | |
| _____ | : | |

## <u>RULING ON MOTIONS FOR SUMMARY JUDGMENT</u>

In this action, plaintiff Patterson Collection ("Patterson") alleges that certain of its assets, including automobiles, automobile parts and provenance documentation ("Pedigree Documents"), were damaged or lost when Marshal James Sullivan executed an order of attachment at Red Line Restorations LLC ("Red Line"), a business owned and operated by Bruce Amster and his son, Colton Amster.  Specifically, Patterson asserts claims of a Fourteenth Amendment violation and civil theft against defendant Sullivan and conversion and negligence against all defendants.  Defendants Ikon, Kirkpatrick & Lockhart, Nicholson Graham, LLP ("Kirkpatrick & Lockhart"), Mariano Brothers, Inc., and Day Pitney, LLP have all filed separate motions for summary judgment on the claims of conversion and negligence.

## BACKGROUND

The parties have filed statements of fact with supporting exhibits establishing that the following facts are not in dispute.

The genesis of this litigation is a multi-million dollar judgment against Bruce Amster and his affiliated companies obtained by John Kendall in Massachusetts Superior Court in 1999.  The Massachusetts Superior Court ordered attachment of property located at Red Line.  Kendall was represented by defendant Kirkpatrick & Lockhart.

In 2000, the Massachusetts Superior Court appointed a receiver to take control of the assets of Amster and his businesses to facilitate satisfaction of the judgment. Amster was later held in contempt for violating the receivership order.

In November 2004, Kendall and the Massachusetts Receiver Carl Jenkins filed a complaint in Connecticut Superior Court against Bruce and Colton Amster and Red Line alleging claims under the Connecticut Uniform Fraudulent Transfer Act, the Connecticut Unfair Trade Practices Act and for common law fraud.  In December 2004, Edward Burke of then Day Berry & Howard (now defendant Day Pitney), representing Kendall and Jenkins, succeeded in obtaining an ex parte prejudgment remedy in the amount exceeding $5.5 million.[1]

On December 2, 2004, pursuant to an attachment order, Connecticut state Marshal James Sullivan took possession of property located at Red Line.[2]

All property, including cars, parts, office equipment and documentation located at Red Line was attached and seized by Marshal Sullivan pursuant to the attachment

---

[1]In this ruling, the Court hereinafter refers to "Day Berry & Howard" as "Day Pitney."

[2]Red Line and Colton Amster moved to dissolve the prejudgment remedy attachment. The Connecticut Superior Court denied the motion to dissolve the attachment.  The Connecticut Appellate Court affirmed the decision of the trial court upholding the attachment.

order.  As part of the attachment process, Marshal Sullivan used the services of J.B. Moving & Storage, Mariano Brothers, and Connecticut Towing to pack, crate, move and store items, documents and equipment attached pursuant to the court order.  Mariano Brothers, a subcontractor of J.B. Moving Services, was assigned the responsibility of crating automobiles and other heavy machinery.

During the hearing on the motion to dissolve the attachment in December 2004, the parties stipulated that the books and records of Red Line, including the computer records, which were within the custody of Marshal Sullivan, would be copied with originals to be provided to attorney Thomas Sargent, who represented Red Line.  The parties also stipulated to a process for the release of property owned by third parties that had been seized.  This process provided for an opportunity for Bruce Amster, Colton Amster and Red Line to inspect the seized property.[3]

Ikon Office Solutions of Stamford, Connecticut copied the records and documents pursuant to the stipulation and court order.[4]   In December 2004, attorney Cara Corbett of Kirkpatrick & Lockhart and attorney Burke went to Ikon to flag documents in Ikon's possession for copying.

Ikon asserts that, in early 2005, Ikon returned the documents to the office of Sargent.  Whether this return was complete is a subject of this litigation.

---

[3]A written order was entered in Connecticut Superior Court in March 2005 relating to the release of property.

[4]IKON picked up the boxes containing document from Marshal Sullivan's home.

On January 7, 2005, John Dowds, in-house counsel for plaintiff, exchanged emails with Phoebe Winder, a partner at Kirkpatrick & Lockhart, seeking release of property owned by plaintiff.

On January 18, 2005, Red Line filed a voluntary petition for bankruptcy protection in United States Bankruptcy Court.  In March 2005, the state court and the bankruptcy court entered orders governing the release of the remaining third-party property in Marshal Sullivan's possession.  Plaintiff claims that many items and documents belonging to it were never returned.

**DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc., 664 F.2d at 351. In determining whether a genuine factual issue exists, the court must resolve all

ambiguities and draw all reasonable inferences against the moving party.  Anderson, 477 U.S. at 255.

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

### Negligence Against Kirkpatrick & Lockhart and Day Pitney

Plaintiff alleges that defendants violated a duty of care not to damage or lose plaintiff's property.  Defendant Kirkpatrick & Lockhart asserts that summary judgment should enter on this claim because (1) the statute of limitations bars the claim; (2) it did not owe a duty to plaintiff; and (3) plaintiff's evidence cannot prove negligence without expert testimony.  Defendant Day Pitney asserts that summary judgment is appropriate because it did not owe a duty to plaintiff.

### Statute of Limitations

Kirkpatrick & Lockhart maintains that the two-year statute of limitations —— Connecticut General Statutes § 52-584 —— ran from the date of the seizure on December 2, 2004.  Section 52-584 provides, in relevant part:

> No action to recover for injury to the person, or to real or personal property, caused by negligence ... shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of ...

Defendant maintains that plaintiff failed to file suit within two years after the date of the seizure or the "actionable harm."  Defendant argues further that a plaintiff need not know the full extent of its damage for the statute of limitation to run.  Burns v. Hartford Hosp., 192 Conn. 451, 460 (1984).

In this instance, in the exercise of reasonable care, plaintiff should not have discovered the negligence regarding the damage to or loss of the property until after the third-party property release process commenced and plaintiff was allowed to inspect the property.  However, the Court does not have adequate information as to when the release process commenced and when an inspection occurred or was allowed.  Accordingly, the Court finds that issues of fact preclude summary judgment on the basis of the statute of limitations.

Duty

The Court finds that neither Kirpatrick & Lockhart nor Day Pitney owed plaintiff a duty of care as asserted by plaintiff.

The first essential element of a negligence cause of action is the existence of a duty of care owed by a defendant.  Ryan Transportation, Inc. v. M and G Assocs., 266 Conn. 520, 525-26 (2003).  The test for determining legal duty is a two-prong analysis that includes: (1) a determination of foreseeability, and (2) public policy analysis.  Monk v. Temple George Assocs., LLC, 273 Conn. 108 (2005).  A duty may be imposed where an ordinary person, knowing what that person knew or should have known, would have foreseen that a harm of the general nature of that suffered would be likely to result.  Seguro v. Cummiskey, 82 Conn. App. 186, 191 (2004).  However, a conclusion that the harm to the plaintiff was foreseeable "cannot by itself mandate a determination that a

legal duty exists." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 385 (1994).  A

duty may be imposed where considerations of policy entitle a plaintiff to legal

protection.  Lombard v. Peters, 252 Conn. 623, 633 (2000).

In this instance, plaintiff faults the attorneys for instructing the Marshal to remove

everything from Red Line without allowing for an expert to help inventory the property.

Plaintiff claims that "the defendant's insistence that the attachment be done quickly and

a general disregard for what was being seized and to whom it belonged, made it clearly

foreseeable that harm could be caused to the plaintiff."

It is undisputed that Kirkpatrick & Lockhart was representing its client Kendall

and that Day Pitney was representing its clients Kendall and Jenkins when the alleged

conduct occurred.  The Connecticut Supreme Court, citing public policy reasons, has

held that imposition of a duty upon attorneys to third parties would undermine their duty

of "[e]ntire devotion to the interest of the client."  Krawczyk v. Stingle, 208 Conn. 239,

246 (1988).  An exception does exist where the primary or direct purpose of the

transaction was to benefit the third party.  Gould v. Mellick and Sexton, 263 Conn. 140,

154 (2003).  Plaintiff cannot be construed as an intended beneficiary of the attachment

process.  Accordingly, the Court finds that defendants did not owe a duty relevant to the

alleged negligence.

Conversion

Kirkpatrick & Lockhart and Day Pitney argue that summary judgment should

enter on the conversion claim because (1) the attachment was authorized by the court

order, and (2) defendants did not exercise ownership over the property.   The Court

agrees.

"The tort of conversion occurs when one, without authorization, assumes and exercises ownership over property belonging to another to the exclusion of the owner's rights." Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 47 (2000).  Here, plaintiff cannot establish that defendants were involved in an unauthorized taking of property since the attachment was executed pursuant to a valid court order. International Motorcars, LLC v. Sullivan, 2006 WL 19993777, *6 (Conn. Super. Ct. June 20, 2006).  Further, plaintiff has adduced no evidence that defendants exercised any unauthorized ownership or treated the property as their own.  Accordingly, summary judgment will enter on the conversion claim against Kirkpatrick & Lockhart and Day Pitney.

Liability Based on Agency

Neither Day Pitney nor Kirkpatrick & Lockhart can be held liable for any of the other defendants' conduct based on an agency theory.  Pursuant to Connecticut General Statutes § 6-38a, Marshal Sullivan was an independent contractor when he executed the attachment order and engaged other contractors to assist in its execution. Generally, in Connecticut, except in circumstances relative to the duty of owner or occupier to an invitee, an entity cannot be held liable for the negligent conduct of an independent contractor as opposed to an employee or agent.  Pelletier v. Sordoni/Skanska Construction Co., 264 Conn. 509, 517 (2003).

Negligence against Mariano Brothers

Defendant Mariano Brothers contends that it did not owe a duty in negligence to plaintiff because it did not handle any of the items reported to be damaged.  However, plaintiff submits that it did handle large component parts that were at Red Line and are

now alleged to be missing.  Accordingly, the Court finds that disputed issues of fact preclude summary judgment in Mariano Brothers' favor on this claim.

### Conversion Against Mariano Brothers

Defendant Mariano Brothers argues that summary judgment should enter on the conversion claim because it was never in possession of the items alleged to be lost. However, plaintiff has submitted evidence indicating that certain items were stored with Mariano Brothers.  Accordingly, summary judgment will be denied on this claim.

### Negligence and Conversion Claims Against Ikon Solutions, Inc.

Defendant Ikon Solutions asserts that plaintiff's claims of negligence and conversion because plaintiff has no proof that the Pedigree Documents were ever in Ikon's possession.

Ikon's possession of the alleged Pedigree Documents is essential to both the negligence and conversion claims.   Defendant points out that the documents from Red Line moved through a chain of custody prior to being delivered to Ikon for copying.  No record exists as to what documents were actually delivered to Ikon.  Plaintiff does not have any proof that such documents existed other than the testimony of Bruce Amster, who also states that he did not know whether Ikon ever possessed the documents. However, Amster's testimony does raise an issue of fact as to whether such documents existed and came into Ikon's possession.  Although its evidence may be weak, plaintiff is entitled to present its proof to the trier of fact.  Accordingly, the Court will deny the motion for summary judgment on these claims and leave plaintiff to its proof.

## CONCLUSION

For the foregoing reasons, defendant Mariano Brothers' motion for summary (doc. # 409) is DENIED, Ikon Office Solutions' motion for summary judgment (doc. # 410) is DENIED, Day Pitney's motion for summary judgment (doc. # 417) is GRANTED, and Kirkpatrick & Lockhart's motion for summary judgment (doc. # 418) is GRANTED.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE


Dated at Bridgeport, Connecticut this _21st__ day of April, 2010.