**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **THE PATTERSON COLLECTION,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **3:07cv0592(WWE)** |
| **v.** | : | |
| | : | |
| **JAMES SULLIVAN, MARIANO** | : | |
| **BROTHERS, INC., IKON OFFICE** | : | |
| **SOLUTIONS, INC., KIRKPATRICK** | : | |
| **& LOCKHART, NICHOLSON** | : | |
| **GRAHAM, LLP, DAY PITNEY, LLP,** | : | |
| **Defendants.** | : | |
| _____ | : | |

**MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT**

In this action, plaintiff Patterson Collection ("Patterson") alleges that certain of its assets, including automobiles, automobile parts and provenance documentation ("Pedigree Documents"), were damaged or lost when Marshal James Sullivan executed an order of attachment at Red Line Restorations LLC ("Red Line"), a business owned and operated by Bruce Amster and his son, Colton Amster.  Patterson asserts claims of Fourteenth Amendment due process and equal protection violations, conversion, civil theft and negligence against defendant Sullivan.[1]

On April 21, 2010, the Court issued a ruling on pending motions for summary judgment, granting summary judgment on the claims of conversion and negligence against defendants Kirkpatrick & Lockhart, Nicholson, Graham, LLP and Day Pitney,

---

[1]Defendant Sullivan construes the complaint as alleging a claim of civil conspiracy. Plaintiff poses no opposition to the arguments favoring summary judgment. Accordingly, upon review, the Court will consider any civil conspiracy claim to be abandoned.  See Taylor v. City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003).

LLP, and denying summary judgment on the claims of conversion and negligence against defendants Ikon and Mariano Brothers, Inc.

Pending now is defendant Sullivan's motion for summary judgment on all claims. For the following reasons, the motion for summary judgment will be granted.  The Court incorporates herein the factual background recounted in the Court's prior ruling dated April 21, 2010.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc., 664 F.2d at 351. In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson, 477 U.S. at 255.

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

Count One: Violation of the Fourteenth Amendment

Plaintiff alleges that Sullivan's conduct relative to the attachment deprived plaintiff of its personal property without due process and equal protection of the law. Defendant maintains that (1) any procedural due process claim is not cognizable in light of adequate post-deprivation remedies; (2) any substantive due process claim fails for lack of conscience-shocking conduct; and (3) plaintiff has not established the requisite elements of an equal protection claim.

To prevail on either a procedural or a substantive due process claim, a plaintiff must establish that it possessed a liberty or property interest of which the defendant deprived it.  See Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999).  Here, plaintiff's claims rest on the property that was allegedly wrongfully seized and not returned.

Procedural Due Process

When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees.  Hellenic Am. Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996).  Where a claim is based on the random and unauthorized acts by a state employee, as opposed to a deprivation

based on established state procedures, a plaintiff's due process rights are not violated "so long as the State provides a meaningful postdeprivation remedy." Rivera-Powell v. New York City Bd. of Elections, 470 F.3d 458, 465 (2d Cir. 2006).   A post-deprivation remedy pursuant to state law may satisfy due process.  Hudson v. Palmer, 468 U.S. 517, 534 (1984).

The complained of conduct by Marshal Sullivan cannot be construed as a state procedure or a decision by a high-ranking state official, in which case the existence of a post-deprivation remedy would be insufficient.  See Velez v. Levy, 401 F.3d 75, 91 (2d Cir. 2005) (states act through high-level officials, and decisions of such officials resemble state procedures rather than haphazard acts of individual state actors).

This case alleges random and unauthorized acts that caused a deprivation of plaintiff's property.  However, post-deprivation remedies were available through the post-attachment procedure for the return of third-party property set forth in the Bankruptcy Court order dated March 23, 2005 and the state Superior Court order dated March 29, 2005.  Further, post-deprivation remedies also existed pursuant to state law.  Accordingly, no procedural due process violation occurred.

Substantive Due Process

Substantive due process protects individuals from government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense.  County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).  Its protection does not extend to government action that is "incorrect or ill-advised."  Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994).   To establish a violation of the right to substantive due process, a plaintiff must demonstrate government action that was "so egregious, so outrageous,

that it may fairly be said to shock the contemporary conscience."  Pena v. DePrisco, 432 F.3d 98, 112 (2d Cir. 2005).

Even conduct considered to be reprehensible may not fall within the narrow range of conscience-shocking conduct that violates substantive due process.  Cusick v. City of New Haven, 145 Fed. Appx. 701 (2d Cir. 2005) (failure of officials to provide inculpatory information unearthed in murder investigation was not conscience shocking); see also Whitley v. Albers, 475 U.S. 312, 327 (1986) (substantive due process doctrine bars official conduct that affords "brutality the cloak of law").  This case presents no such reprehensible conduct that shocks the conscience.   There is no indication that any of the allegedly wrongful conduct was performed maliciously so as to shock the conscience.  Summary judgment will be granted on this claim.

Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires government actors to treat all persons similarly situated alike.  City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985).  The plaintiff must prove that: (1) the plaintiff, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure the plaintiff.  Diesel v. Town of Lewisboro, 232 F.3d 92, 103 (2d Cir. 2000).  Alternatively, failing proof of selective treatment based on impermissible considerations, plaintiff may demonstrate an equal protection class of one violation by proving that the defendant intentionally treated it differently from others similarly

situated and that there is no rational basis for the difference in treatment.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff's brief advances arguments in favor of a class of one theory.  However, plaintiff sets forth no evidence concerning any similarly situated comparators.  Accordingly, summary judgment will enter on this claim.  See Everitt v. DeMarco, 2010 WL 1286940, *10 (D. Conn. 2010) (granting summary judgment in light of failure to produce evidence of comparators).

Count Two: Conversion

"The tort of conversion occurs when one, without authorization, assumes and exercises ownership over property belonging to another to the exclusion of the owner's rights."  Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 47 (2000).   Here, plaintiff cannot establish that defendant Sullivan was involved in an unauthorized taking of property since the attachment was executed pursuant to a valid court order. See International Motorcars, LLC v. Sullivan, 2006 WL 1999377, *6 (Conn. Super. Ct. 2006).  Further, plaintiff has failed to proffer any proof that defendant Sullivan maintained any unauthorized ownership over plaintiff's property.  Summary judgment will be granted on this claim.

Count Three: Statutory Theft

A claim of civil theft is dependant upon survival of the conversion claim.  See News America Marketing In-Store, Inc. v. Marquis, 86 Conn. App. 527, 544 (2004).  Accordingly, defendant is entitled to summary judgment on this claim.

Count Four:  Negligence Against Sullivan

Plaintiff alleges that defendant violated a duty of care not to damage or lose plaintiff's property.  However, defendant Sullivan, as a state marshal, is statutorily immune from negligence actions.

Connecticut General Statutes § 6-38a(b) provides:

Any state marshal, shall, in the performance of execution or service of process functions, have the right of entry on private property and no such person shall be personally liable for damage or injury, not wanton, reckless or malicious, caused by the discharge of such functions.

Plaintiff maintains that Sullivan was acting outside his capacity as a state marshal and that he has been sued in his individual capacity.  The plain language of section 6-38a(b) insulates Sullivan from becoming personally liable for his negligent conduct performed as marshal.  Upon review of the complaint and evidentiary record, there is no indication that any negligent conduct by defendant Sullivan brought him outside of his authority as a marshal.  Plaintiff's action in negligence against Sullivan must be dismissed.

**CONCLUSION**

For the foregoing reasons, defendant Sullivan's motion for summary (doc. # 414) is GRANTED.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE


Dated at Bridgeport, Connecticut this _6th_ day of May, 2010.